# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:09CR230 |
| | § | |
| RUBEN CURTIS WILLIS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 26, 2013, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Mandy Griffith.

On August 9, 1996, Defendant was sentenced by the Honorable Paul Brown, United States District Judge, to 210 months imprisonment followed by a 5 and 6 year term of supervised release for the offenses of Conspiracy to Possess with Intent to Distribute more than 50 grams of Cocaine Base; Aiding & Abetting; and Distribution of Drugs near Protected Property. Defendant began his term of supervision on June 4, 2008. On September 21, 2012 the case was transferred to the Honorable Marcia A. Crone, United States District Judge.

On January 31, 2013, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 3). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not leave the judicial district without

1

permission of the Court or probation officer; (2) Defendant shall pay a $10,000 fine. Payment of the total fine is due in full immediately; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall refrain from any unlawful use of a controlled substance; and (5) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

The Petition alleges that Defendant committed the following violations: (1) Defendant traveled outside the judicial district of the Eastern District of Texas to the Choctaw Casino in Durant, Oklahoma, without the permission of the U.S. Probation Office on November 11, 2009, April 28, June 16, September 22, November 17, 2010; January 12, February 6, 11, 22, 23, 27, March 3, 25, 26, April 13, 21, 29, May 8, 13, 14, June 5, 7, 8, 11, 22, 23, July 3, 4, 5, 6, 17, 24, August 3, 4, 8, 21, 27, 29, September 2, 7, 10, 12, 13, 17, 18, 21, 25, 29, October 1, 3, 6, 7, 20, 27, 29, 30, November 3, 4, 6, 10, 23, December 2, 8, 15, 22, 24, 2011; January 5, 12, 19, 26, 29, February 2, 9, 17, 24, and April 12, 2012; (2) On October 15, 2008, Defendant executed a payment schedule with the U.S. Probation Office, Western District of Texas, to commence payments at the rate of no less than $100 per month, due by 0the 15th day of each month, beginning November 15, 2008. Defendant has failed to make payments toward the fine in the months of January, March, April, May, June, July, August 2009, April, Many, June, July, August, September, December 2010; January, February, March, April, May, June, August, September, October, November, December 2011; March, April, May, June, August, September, October, November and December 2012. Additionally, Defendant failed to make payments toward the fine to the best of his ability on each of the months listed in Allegation 1 by traveling to the Choctaw Casino and wagering money that

could have been used to pay toward the fine; (3) According to the IRS Form W-2G's received from the Gaming Commissioner with the Choctaw Nation of Oklahoma, Defendant was awarded jackpots in September 2010, totaling $2,000, July 2011, totaling $1,200, and July 2012, totaling $2,500. Defendant failed to submit a truthful and complete written report for the months of September 2010, July 2011, and July 2012, by not reporting Other Cash Inflows in Part D of the report; (4) Defendant submitted urine specimens on March 13, October 8, 2009, February 25 and March 17, 2010, that tested positive for marijuana. Defendant admitted to using marijuana on all dates except prior to March 17, 2010. Laboratory testing was used to confirm said use for this date; and (5) On or about February 23, 2010, Defendant was riding in a vehicle with Aubrey Bernard Cox, his uncle, when it was stopped by police and an unloaded gun was found in the trunk of the vehicle. Mr. Cox accepted full responsibility for the gun and was arrested for being unlawfully in possession of a firearm. Mr. Cox has previously been convicted of a felony and Defendant did not have permission from the U.S. Probation Office to associate.

At the hearing, Defendant entered a plea of true to the alleged violations. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the February 26, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, with no

supervised release to follow. The defendant shall self-surrender by Monday, April 15, 2013. The defendant will remain on supervised release until April 12, 2013.

**SIGNED this 28th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE